UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 16-20722
                                 HON. DENISE PAGE HOOD
v.

DONYAL L. GRANT,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO DETERMINE COMPETENCY OF DEFENDANT TO STAND
TRIAL [#26]**

**I.    BACKGROUND**

On October 19, 2016, Defendant Donyal L. Grant ("Grant") was charged with being a Felon in Possession of a Firearm. (Doc # 1) Ray E. Richards Jr. appeared as counsel for Grant. (Doc # 7) Grant was later charged by Indictment with being a Felon in Possession of a Firearm; Armed Career Criminal (Count I) and Sex Trafficking Using Force, Fraud, and Coercion (Count II). (Doc # 9) Richards filed a Motion to Withdraw as Counsel on May 24, 2017. (Doc # 21) The Court granted Richards's Motion on June 27, 2017. (Doc # 23) Christopher M. Seikaly ("Seikaly") appeared as counsel for Grant on July 7, 2017. (Doc # 24)

1

Pursuant to a Stipulation and Order, a jury trial was set for November 7, 2017. (Doc # 25)

This matter is before the Court on Grant's Motion for a hearing to determine his mental competency to stand trial. (Doc # 26) Grant asserts that he has a long history of mental illness, suffering from bi-polar disorder and taking medication for his illness. Grant has confided in his counsel that he hears voices telling him to do things. Grant also asserts that his bi-polar medication does not stop the voices. Grant further asserts that he has lost touch with reality, is delusional and paranoid. (Doc # 26, Pg ID 2) Grant also submitted Sanilac County medical records which indicate he has a history of schizophrenia. The Government does not object to Grant's Motion.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 4241, a district court shall, upon a motion or *sua sponte*, order a competency evaluation "if there is reasonable cause to believe" a defendant is incompetent to stand trial. *United States v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014). A criminal defendant's due-process right to a fair trial is violated if a court fails to hold a proper competency hearing where there is "substantial evidence of a defendant's incompetency." *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966).

If a defendant lacks (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or (2) lacks "a rational as well as factual understanding of the proceedings against him" he is incompetent to stand trial. *Id.* (citation omitted). A district court "has not only the prerogative, but the duty, to inquire into a defendant's competency." *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).

The Sixth Circuit has held that "[t]he district court has a measure of discretion in determining whether there is 'reasonable cause' to believe that a defendant is incompetent." *United States v. Dubrule*, 822 F.3d 866, 879 (6th Cir. 2016) (citation omitted). In determining the defendant's competence, a court should look to "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). A court may also consider the opinion of the defendant's attorney. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006). "[E]ven one of these factors standing alone may, in some circumstances, be sufficient" to warrant a competency hearing. *Drope*, 420 U.S. at 180. A finding of competency at one point in the proceedings against a defendant may be overcome later by additional evidence that the defendant is incompetent. *Id.* at 181. Based on Grant's assertions and the evidence submitted, there is reasonable cause to

believe Grant is suffering from a mental disease or defect that could render him incompetent to stand trial. Grant's Motion is granted.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Donyal L. Grant's Motion to Determine his Competency to Stand Trial (Doc # 26) is GRANTED.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 4241, the Court refers Defendant Grant for a full psychiatric examination to determine his competency to stand trial.

IT IS FURTHER ORDERED that a hearing will be held to determine Grant's competency to stand trial.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: October 18, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 18, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager