UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CASE NO. 16-20722
                                     HON. DENISE PAGE HOOD
v.

DONYAL L. GRANT,

        Defendant.
_____/

**AMENDED ORDER GRANTING DEFENDANT'S
MOTION TO DETERMINE COMPETENCY OF DEFENDANT TO STAND
TRIAL [#26]**

**I.    BACKGROUND**

On October 19, 2016, Defendant Donyal L. Grant ("Grant") was charged with being a Felon in Possession of a Firearm. (Doc # 1) Ray E. Richards Jr. appeared as counsel for Grant. (Doc # 7) Grant was later charged by Indictment with being a Felon in Possession of a Firearm; Armed Career Criminal (Count I) and Sex Trafficking Using Force, Fraud, and Coercion (Count II). (Doc # 9) Richards filed a Motion to Withdraw as Counsel on May 24, 2017. (Doc # 21) The Court granted Richards's Motion on June 27, 2017. (Doc # 23) Christopher M. Seikaly ("Seikaly") appeared as counsel for Grant on July 7, 2017. (Doc # 24)

1

Pursuant to a Stipulation and Order, a jury trial was set for November 7, 2017. (Doc # 25)

This matter is before the Court on Grant's Motion for a hearing to determine his mental competency to stand trial. (Doc # 26) Grant asserts that he has a long history of mental illness, suffering from bi-polar disorder and taking medication for his illness. Grant has confided in his counsel that he hears voices telling him to do things. Grant also asserts that his bi-polar medication does not stop the voices. Grant further asserts that he has lost touch with reality, is delusional and paranoid. (Doc # 26, Pg ID 2) Grant also submitted Sanilac County medical records which indicate he has a history of schizophrenia. The Government does not object to Grant's Motion.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 4241, a district court shall, upon a motion or *sua sponte*, order a competency evaluation "if there is reasonable cause to believe" a defendant is incompetent to stand trial. *United States v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014). A criminal defendant's due-process right to a fair trial is violated if a court fails to hold a proper competency hearing where there is "substantial evidence of a defendant's incompetency." *Pate v. Robinson*, 383 U.S. 375, 385-86 (1966).

If a defendant lacks (1) "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" or (2) lacks "a rational as well as factual understanding of the proceedings against him" he is incompetent to stand trial. *Id.* (citation omitted). A district court "has not only the prerogative, but the duty, to inquire into a defendant's competency." *United States v. White*, 887 F.2d 705, 709 (6th Cir. 1989).

The Sixth Circuit has held that "[t]he district court has a measure of discretion in determining whether there is 'reasonable cause' to believe that a defendant is incompetent." *United States v. Dubrule*, 822 F.3d 866, 879 (6th Cir. 2016) (citation omitted). In determining the defendant's competence, a court should look to "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). A court may also consider the opinion of the defendant's attorney. *United States v. Tucker*, 204 F. App'x 518, 520 (6th Cir. 2006). "[E]ven one of these factors standing alone may, in some circumstances, be sufficient" to warrant a competency hearing. *Drope*, 420 U.S. at 180. A finding of competency at one point in the proceedings against a defendant may be overcome later by additional evidence that the defendant is incompetent. *Id.* at 181. Based on Grant's assertions and the evidence submitted, there is reasonable cause to

believe Grant is suffering from a mental disease or defect that could render him incompetent to stand trial. Grant's Motion is granted.

## III. CONCLUSION

Accordingly,

IT IS ORDERED that Defendant Donyal L. Grant's Motion to Determine his Competency to Stand Trial (Doc # 26) is GRANTED.

IT IS FURTHER ORDERED that pursuant to the Insanity Defense Reform Act of 1984, 18 U.S.C. §§ 4241-4247, it is hereby ORDERED that:

(1) A psychiatrist or psychologist employed by the United States be appointed, authorized, and directed to examine the mental condition of defendant, *see id.* §§ 4241(a),(b), 4247(b);

(2) Unless impracticable, the psychiatric or psychological examination shall be conducted in a suitable facility closest to the court, *see* § 4247(b);

(3) Defendant be committed to the custody of the Attorney General for such psychiatric or psychological examination for a period not to exceed 30 days, *see id.* § 4247(b);

(4) The U.S. Marshals Service transport defendant to and from the facility;

(5) The examining psychiatrist or psychologist prepare, as soon as practical, a written report that includes (1) the defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the examiner's findings; and (4) the examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, *see* 18 U.S.C. §§ 4241(b), 4247(b), 4247(c);

(6) The examiner shall promptly file the written report with this Court and provide copies of the report to defense counsel and the attorney for the government, *see id.* § 4247(c). The report may be used by any party for purposes of a competency hearing, detention hearing, or any other purpose the Court may order; and

(7) The period beginning with the defendant's motion and ending with the conclusion of the competency hearing, *see id.* §§ 4241(c), 4247(d), which will take place at a date and time set by the Court after

the Court and parties receive the examiner's written report, be deemed excludable delay under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (h)(1)(F), and that the period beginning the day after the conclusion of the competency hearing and ending with the Court's ruling on defendant's mental competency or with the lapse of 30 days, whichever occurs first, be deemed excludable delay pursuant to 18 U.S.C. § 3161(h)(1)(H).

The Bureau of Prisons is further **ORDERED** to inform the counsel for the government once the defendant has been designated to a suitable facility for the psychiatric or psychological examination, at which time the Court will enter a separate order to transport the defendant to that facility.

                                            S/Denise Page Hood
                                            Denise Page Hood
                                            Chief Judge, United States District Court

Dated: October 20, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 20, 2017, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry
                                            Case Manager